### SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

### Rajnish K. DAS and Stormy L. Dean, Defendants.

### No. 8:10CV102.

United States District Court,
D. Nebraska.

June 6, 2012.

---

Gregory A. Kasper, Ian S. Karpel, Nicholas Heinke, Patricia E. Foley, Rebecca L. Franciscus, Thomas J. Krysa, Securities & Exchange Commission, Denver, CO, for Plaintiff.

Kevin M. Shea, Michael P. Murray, Richilano, Shea Law Firm, David A. Zisser, Michelle M. Meyer, Davis, Graham Law Firm, Denver, CO, for Defendants.

## ORDER

LAURIE SMITH CAMP, Chief Judge.

This matter is before the Court on the Defendants' Motion for Stay of Execution on that Part of Judgment Assessing Civil Penalties (Filing No. 260). Defendants note that they intend to file a renewed motion for judgment as a matter of law under Fed. R.Civ.P. 50; a motion for new trial under Fed.R.Civ.P. 59; and a motion for relief from judgment under Fed.R.Civ.P. 60, and they ask the Court to stay execution of the civil penalties pending disposition of such motions.

The Plaintiff, Securities and Exchange Commission ("SEC") does not object to the stay, *but only if* the Defendants post a supersedeas bond in accordance with conditions set out in the Court's Memorandum and Order on remedial relief (Filing No. 257). (See Defendants' Index of Evidence, Filing No. 261–1.) The Defendants argue that they should not be required to post any security, because they have limited financial resources. (Defendants' Motion, Filing No. 260 at ¶ 6, referring to Defendants' Declarations at Filing Nos. 235–2 and 235–3.) The Defendants also argue that the SEC will not be prejudiced from the lack of a bond, because there is no risk that the Defendants will dissipate or hide assets.

The evidence before the Court showed that the Defendants are both employed, and the Court took their limited financial circumstances into consideration when determining the amount of civil penalties that were reasonable, appropriate, and affordable. The pending Motion—and the course of this litigation—provide the Court with no basis to anticipate that the motions the Defendants plan to file will have merit. Instead, certain concerns the Court mentioned in its Memorandum and Order on remedial relief are renewed by the Defendants' anticipated flurry of motions, *i.e.,* (1) the Defendants have no incentive to acknowledge wrongdoing or to bring this litigation to a close as long as InfoUSA, Inc., remains obliged to pay all the expenses of the defense of the litigation, and (2) counsel for the Defendants have every incentive to keep the litigation as active as possible for as long as possible.

If the Defendants wish to challenge the jury's verdict and/or the Court's Memorandum and Order on remedial relief, and they wish to stay the enforcement of their civil penalties, then they may secure supersedeas bonds in compliance with the conditions set out in the Court's Memorandum and Order on remedial relief, or they may perfect appeals and seek stays from the Circuit Court.

IT IS ORDERED:

The Motion for Stay of Execution on that Part of Judgment Assessing Civil Penalties (Filing No. 260) filed by Defendants Rajnish Das and Stormy L. Dean is denied.